IRVING, appellant, *and* DUNSCOMB and others, respondents.

An order to answer a petition of appeal is irregular, if entered before the petition of appeal, with the transcript annexed, is actually returned and filed in the court for the correction of errors.

Where a petition of appeal is filed during the session of the court, an order to answer may be entered, *it seems,* during the recess.

The court of errors having for upwards of forty years sanctioned the rule established by chancery requiring a deposit, it will not be disturbed but by a positive rule altering the practice.

The court of chancery may direct upon what terms and conditions an appeal shall operate as a stay of proceedings, unless the court of errors, on a special application or by a general rule, restricts the power.

MOTION to quash appeal. The bill filed by the appellant in the court of chancery was dismissed. On the 20th May, 1828, an appeal (or rather a statement that the party intended to appeal) was filed with the assistant register, and an order obtained for the respondents to answer in eight days or be precluded. A *petition of appeal* was not filed, nor was the deposit of $100 made, required by the 37th rule of the court of chancery.

*C. Baldwin,* for the respondents, (on the 10th day of June, the second day of the session of the court,) moved to quash the appeal for irregularity, because there was no petition of appeal on file, because the deposit had not been made, and because the order to answer had been entered in the recess of the court, before the court had become possessed of the cause, he contending that the 26th rule of this court author-

Vol. II.                    27

Irving
v.
Dunscomb.

ized orders to be entered with the clerk only in cases in which the court had already taken cognizance of the cause.

*J. I. Roosevelt*, jun. contra, insisted that if any informality existed in the proceedings, it might now be amended. He denied the power of the court of chancery to impose restrictions upon the right of appeal by requiring the deposit of a sum of money. If authorized to require the deposit of $100, that court has the power to require $1000 to be deposited, and thus in many cases deprive the party of the right of appeal. The statute, (1 *R. L.* 134,) declares that all persons aggrieved by any order or decree of the court of chancery may appeal to this court, and the only restriction upon the right, is the time in which the appeal shall be made. In like manner, it is enacted that all errors happening in the supreme court, shall be redressed and corrected by this court. The supreme court impose no restraint upon the issuing of a writ of error. The recognizance required in that court is necessary only when the party seeks to stay an execution, but it need not be entered into to entitle the party to his writ. Nor have the equity courts any such rule as exists in chancery; they leave the subject to the appellate forum. The practice of the house of lords in England is, that on filing the petition of appeal with the clerk of the house, the appellant deposits £20, and enters into a recognizance in the sum of £200, to pay the respondent's costs in case the decree be affirmed. There is no such practice in this court. In *Bradwell* v. *Weeks*, (1 *Johns. Ch. R.* 325,) Chancellor Kent evidently had doubts as to the propriety of the rule, although he enforced it. In that case, however, the appeal would have delayed execution : here the bill was dismissed. Courts whose judgments are sought to be reviewed, have no right to erect pecuniary bars to the right of appeal.

*Baldwin*, in reply. There is nothing in the organization of this court, denying either in express terms or by implication the power of regulating appeals. Courts of necessity possess the power to make rules to prevent abuses in the suing out of appeals. In England, since 1710, there has been a rule requiring a deposit, in the house of lords. With us,

the deposit is made in the court of chancery. The rule has stood for forty years, and now for the first time it is discovered that it is an undue restraint upon the right of apppeal. The case of *Bradwell* v. *Weeks* is very decisive against the appellant. The appeal was made by *infants*, who could not command the necessary sum to make the deposit, and yet the rule was enforced.

THE CHANCELLOR. The practice of the house of lords in England, when sitting as a court of appeal, is adopted by this court on appeals from the court of chancery, in all cases not provided for by our own rules. In England, the petition of appeal is in the first instance filed with the clerk of the house of lords, which prays a summons to the respondent to answer. At the time of filing it, the appellant must deposit £20 with the clerk, to answer the costs of the other party if he fails in the appeal. In addition to this, he must, within eight days thereafter, give security to the clerk by a recognizance in the sum of £200, to pay the respondent's costs if the decree of the court of chancery is affirmed. (1 *Newland's Ch. Pr.* 371. *Barton's Suit in Equity*, 223.) On reading the petition in the house of lords, the appellant obtains an order that the respondent answer the same, which is to be served on the respondent. If the session terminates before the time for answering expires, the respondent has three days in the next session to answer before the appellant can obtain a peremptory order. (*Order of Lords, 28th March,* 1735, 1 *Newland,* 374.)

The rules of this court have materially altered the practice in several particulars. Here the petition of appeal addressed to this court is, in the first instance, to be filed in the court of chancery. If this court is in session, it is returnable here immediately with the transcript of the decree, and of the minutes of the hearing annexed thereto. But if filed in the recess, it is to be returned here on the first day of the next session. In the first case, the court is possessed of the cause by relation from the time when the petition was returnable during the session; and I apprehend it would be regular, under the 26th rule, to enter an order to answer

during the recess of the court.   In the latter case, however, this court are not possessed of the cause until the first day of the next session.   But in neither case can an order to answer be regular, until the petition of appeal, with the transscripts annexed, is actually returned and filed in this court.

In this case, no petition of appeal was filed with the register as directed by the 7th rule ; and no transcript of the decree or minutes has been returned here by the proper officer of the court of chancery.   I am therefore of opinion that the proceedings on the part of the appellant have been irregular, and that the appeal is not properly before this court.

The rule of the court of chancery, requiring the deposit of $100, seems to have been adopted by Chancellor Livingston soon after the organization of this court.   It probably was adopted, with the concurrence of this court, as a substitute for the rule requiring £20 to be deposited with the clerk of the house of lords on filing the petition of appeal there.   The petition of appeal being filed in the office of the register in chancery in the first instance, there seems to be a propriety in having the deposit made with him at the same time.   It would have been more proper if the rule requiring the deposit had been made by this court.   But as this court has, by a uniform practice for more than forty years, sanctioned the rule of the court of chancery, I think it ought not now to be disturbed without a positive rule of this court altering the practice in this particular.

Although the court of chancery has no power to regulate the practice on appeals to this court, it may direct on what terms and conditions the appeal shall operate as a stay of proceedings, unless this court, on a special application or by a general rule, thinks proper to restrict that power.   This was so considered by the committee of the house of lords, appointed to inquire into the practice of that court ; and their report was confirmed on the 12th of August, 1807. (15 Ves. Rep. 184.)

I think the appeal, and all subsequent proceedings thereon, should be quashed or set aside for irregularity ; but without prejudice to the right of the appellant to file a new pe-

tition of appeal with the proper officer of the court of chancery.

*This being the opinion of the court, (Senators* CRARY, STEBBINS, TYSEN, WILKESON *and* WOODWARD *dissenting as to the propriety of requiring a deposit in this case,) the motion was* granted.

ALBANY,
Jan. 12, 1829.

Law
v.
Jackson.

---

An oath not necessary to be administered to senators on taking their seats as members of the court of errors.

*First Tuesday of January,* 1829.   Commencement of the session of the legislature.   The court for the correction of errors was opened.   Senator VIELE moved that the oath heretofore administered to new members of the court on taking their seats be dispensed with.   Mr. Justice SUTHERLAND, the CHIEF JUSTICE and the CHANCELLOR concurred in the opinion that it was unnecessary to administer an oath to the senators, as members of the court, in addition to their oath of office as senators ; that their duties as members of the court for the correction of errors devolved upon them as senators of the state.   No such oath was administered to the president of the senate, the chancellor or judges of the supreme court, and there is no distinction between those officers and the other members of the court.   The motion prevailed, ayes 25, noes 6.